FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 03, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DENECA J., | No. 2:18-cv-00301-JTR |
| Plaintiff, | |
| v. | ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY,[1] | |
| Defendant. | |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 14, 15. Attorney D. James Tree represents Deneca J. (Plaintiff); Special Assistant United States Attorney Alexis Toma represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 7. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

---

[1] Andrew M. Saul is now the Commissioner of the Social Security Administration. Accordingly, the Court substitutes Andrew M. Saul as the Defendant and directs the Clerk to update the docket sheet. *See* Fed. R. Civ. P. 25(d).

ORDER GRANTING DEFENDANT'S MOTION . . . - 1

## JURISDICTION

Plaintiff filed an application for Supplemental Security Income on February 10, 2017, alleging disability since February 1, 2016, due to PTSD, major depressive disorder, learning disability/reading disorder, obesity, personality disorder, and ADHD. Tr. 130-31. The application was denied initially and upon reconsideration. Tr. 156-64, 168-74. Administrative Law Judge (ALJ) Stewart Stallings held a hearing on April 18, 2018, Tr. 666-715, and issued an unfavorable decision on May 31, 2018, Tr. 15-25. Plaintiff requested review from the Appeals Council and the Appeals Council denied the request on July 31, 2018. Tr. 1-5. The ALJ's May 2018 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on September 26, 2018. ECF No. 1, 4.

## STATEMENT OF FACTS

Plaintiff was born in 1981 and was 35 years old as of the filing of her application. Tr. 24. She was in some special education classes as a child and dropped out of high school in the tenth grade when she became pregnant. Tr. 492. She was unable to obtain her GED. Tr. 594, 701. She has never worked, other than some babysitting in 2001. Tr. 44, 308. Her mental health issues significantly worsened following Child Protective Services intervening to remove her children from her custody. Tr. 371, 376, 690.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is

defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. § 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-94 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. § 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On May 25, 2018, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since February 10, 2017, the application date. Tr. 18.

At step two, the ALJ determined Plaintiff had the following severe impairments: substance abuse, depression, anxiety, post-traumatic stress disorder, borderline intellectual functioning, personality disorder, and obesity. *Id.*

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 18-19.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found she could perform work at the light exertional level, but that she had the following non-exertional limitations:

> she can occasionally climb, stoop, balance, kneel, crouch, and crawl; she must avoid concentrated exposure to hazardous machinery, unprotected heights, and the operational control of moving machinery; she is limited to simple, routine, and repetitive tasks, and can learn new tasks if demonstrated, rather than through written instructions; she would need to avoid public contact, defined as only brief and superficial interaction with the public; she would need to be limited to brief and superficial interaction with coworkers, no team or tandem work; and she could have only occasional interaction with supervisors and no over-the-shoulder interaction.

Tr. 20.

At step four, the ALJ found Plaintiff had no past relevant work. Tr. 24.

At step five, the ALJ determined that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff was capable of performing jobs that existed in significant numbers in the national economy, including the jobs of production assembler, agricultural produce sorter, and garment sorter. Tr. 24-25.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from February 10, 2017, the application date, through May 31, 2018, the day of the decision. Tr. 25.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff contends the ALJ erred by (1) improperly rejecting Plaintiff's symptom testimony; and (2) improperly evaluating the medical opinion evidence.

## DISCUSSION

**1. Plaintiff's symptom statements**

Plaintiff alleges the ALJ erred in rejecting her symptom testimony without providing adequate reasons. ECF No. 14 at 7-13.

It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting a claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater,* 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, he found Plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms not entirely consistent with the medical evidence and other evidence in the record. Tr. 20. The ALJ offered the following reasons for his finding: (1) Plaintiff's statements were inconsistent with the longitudinal medical record; (2)

Plaintiff had minimally engaged with treatment; (3) when she did engage with treatment, she often did not complain of psychological symptoms and her providers noted few objective findings related to mental health impairments; (4) her complaints of back pain were inconsistent with the arc of treatment; and (5) she had a weak work history. Tr. 21.

Unexplained or inadequately explained reasons for failing to seek medical treatment cast doubt on a claimant's subjective complaints. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). The ALJ noted Plaintiff had received minimal mental health treatment, indicating an inconsistency with her claim of total disability. Tr. 21. The ALJ considered the role Plaintiff's mental illness may have played in preventing her from seeking treatment, but found this did not explain the paucity of mental health treatment. *Id.* Plaintiff argues that the ALJ's discussion was incorrect, and that the record indicates Plaintiff's "mental illness prevents her from maintaining treatment, rather than non-severity of her symptoms." ECF No. 14 at 9. The Court finds the ALJ's conclusions to be supported by substantial evidence. He noted Plaintiff's ability to seek treatment for other emergent medical issues, and also noted the lack of complaints from Plaintiff at these visits of any psychological symptoms. Tr. 21. While the record contains some indication that Plaintiff lacked insight into her mental health, Tr. 539, the ALJ's interpretation of the record is also reasonable. "If the evidence can reasonably support either affirming or reversing a decision, we may not substitute our judgment for that of the Commissioner." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007).

A poor work history is also a relevant factor for an ALJ to consider in evaluating the reliability of a claimant's disability claim. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

Although it cannot serve as the sole ground for rejecting a claimant's symptom statements, objective medical evidence is a "relevant factor in determining the severity of the claimant's pain and its disabling effects." *Rollins v.*

*Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). The ALJ appropriately considered the lack of supporting objective evidence in the file in considering the severity of both Plaintiff's mental and physical impairments. Tr. 21. The records document few significant mental status findings, other than depressed mood and affect. Tr. 372, 378, 387, 415, 417, 438, 443, 539. The ALJ's interpretation of the record is supported by substantial evidence.

**2.     Opinion evidence**

Plaintiff alleges the ALJ erred in rejecting the opinion of the state evaluating psychologist, Dr. N.K. Marks. ECF No. 14 at 13-17.

When an examining physician's opinion is contradicted by another physician, the ALJ is required to provide "specific and legitimate reasons" to reject the opinion. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995). The specific and legitimate standard can be met by the ALJ setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).

Plaintiff underwent psychological evaluations in 2014 and 2016 with Dr. Marks through the Washington State Department of Social and Health Services. Tr. 360-67, 472-77. Dr. Marks found Plaintiff to be markedly or severely limited in her ability to perform most work-related mental functions. Tr. 364, 475.

The ALJ gave these opinions little weight, finding them to be unsupported by Dr. Marks' own objective findings, inconsistent with the longitudinal record, and inconsistent with the opinion of the medical expert at the hearing, Dr. Winfrey. Tr. 23.

The consistency of a medical opinion with the record as a whole is a relevant factor for an ALJ to consider. 20 C.F.R. § 416.927(c)(4). The ALJ noted that the longitudinal medical record documented no more than moderate mental impairments. This conclusion is supported by the testimony of Dr. Winfrey, and

the largely unremarkable objective findings discussed in the previous section. Furthermore, while the opinion of "a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion [of] an examining physician," *Lester*, 81 F.3d at 831, it can be a factor in the ALJ's rationale. *Morgan v. Comm'r of Social Sec. Admin*, 169 F.3d 595, 602 (9th Cir. 1999).

The ALJ's conclusion that Dr. Marks' opinions were not supported by her own testing is not supported by substantial evidence. Dr. Marks administered a clinical interview and a mental status exam at each meeting and reviewed available records. Tr. 360-67, 472-77. The fact that some of her findings on the mental status exam were within normal limits does not nullify the other abnormal findings she made. However, because the ALJ offered other specific and legitimate reasons for assigning little weight to the opinions, any error on this point is harmless. *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (an error is harmless when "it is clear from the record that the . . . error was inconsequential to the ultimate nondisability determination").

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision should be affirmed. Therefore, **IT IS HEREBY ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 15**, is **GRANTED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 14**, is **DENIED**.

///
///
///
///
///
///

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Defendant and the file shall be **CLOSED**.

**IT IS SO ORDERED.**

DATED September 3, 2019.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE